DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:  djb@mgalaw.com

*Attorneys for Plaintiff Salvador Mora*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SALVADOR MORA, individually, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MISSION SUPPORT AND TEST SERVICES LLC, a foreign limited-liability company; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

### COMPLAINT WITH JURY DEMAND

Plaintiff SALVADOR MORA ("Plaintiff"), by and through his attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against the above named defendant, MISSION SUPPORT AND TEST SERVICES LLC ("MSTS"); DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, as follows:

### JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1. This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this district, as

1

defendant maintains a facility and business operations in this district, employed Plaintiff in this district, and committed the discriminatory acts alleged herein in this district. Specifically, the pay stubs that defendant MSTS issued to Plaintiff include an address of PO Box 98521 Las Vegas, NV 89123-8521. Defendant also has a job site at 2621 Losee Rd., North Las Vegas, NV 89030.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

4. This civil action is brought by Plaintiff pursuant to federal common and statutory law.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about April 5, 2021, Plaintiff submitted his Charge of Discrimination to the Nevada Equal Rights Commission ("NERC"), which became dual-filed with the Equal Employment Opportunity Commission ("EEOC"). This submission indicated that Plaintiff suffered from discrimination based on his national origin while he was an employee at Mission Support and Test Services LLC. This NERC filing fulfilled Plaintiff's obligation to initiate an administrative claim before filing suit.

6. On or about April 14, 2021, less than two weeks after Plaintiff filed his Charge of Discrimination, instead of investigating the matter, the EEOC mailed Plaintiff a "Notice of Suit Rights" letter (*See* **Exhibit 1**) stating that he would have within 90 days of the letter's receipt to file suit.

7. Plaintiff received the EEOC's "Notice of Suit Rights" letter on or around April 17, 2021.

8. Accordingly, by bringing a Charge of Discrimination to NERC and EEOC and waiting until EEOC closed its file on the Charge and issued him a "Notice of Suit Rights" letter, Plaintiff has met all administrative prerequisites to bring this lawsuit.

**PARTIES**

9. Plaintiff SALVADOR MORA, is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

10. Upon information and belief, defendant MISSION SUPPORT AND TEST SERVICES LLC ("MSTS") is, and at all times pertinent hereto was, a foreign limited-liability company

2

1 conducting business in the State of Nevada, being located at 2621 Losee Rd, North Las Vegas, Nevada 89030.

11. Plaintiff is not familiar with the complex corporate interrelationships through which MSTS operates. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of the Court to insert the true names and capacities of such defendants when the same have been ascertained and will further seek leave to join said defendants in these proceedings.

**GENERAL ALLEGATIONS**

12. Plaintiff belongs to a protected class under Title VII, as he identifies as a Hispanic-American male, originally of Hispanic national origin.

13. Defendant MSTS has recognized and specifically noted Plaintiff as being Hispanic, as a member of MSTS management wrote in "Hispanic" in the "Notes" box under the "For Company use Only" section of Plaintiff's employment application with MSTS.

14. On or about March 15, 2019, MSTS hired Plaintiff.

15. Plaintiff worked as a carpenter for MSTS.

16. In addition to being fully qualified for his position at MSTS, Plaintiff was a dedicated and loyal employee for MSTS, and was not subject to any verbal or written forms of discipline at work, which substantiates that he satisfactorily performed his job duties.

17. On or around August 6, 2020, Plaintiff suffered an adverse employment action when his employment, along with the employment of three other Hispanic male carpenters (Benito Gutierrez, Jesus Villela, and Jose Munoz), was terminated.

18. The only carpenters terminated by MSTS on August 6, 2020 were the four carpenters (including Plaintiff) of Hispanic national origin.

19. Plaintiff's termination was particularly shocking, as he had been working at the same MSTS work site for approximately a year by August 2020, and his site supervisor had repeatedly requested that Plaintiff be transferred to that site on a more permanent basis. However, MSTS

1  management refused to do so.

2  20.   MSTS has claimed that Plaintiff was terminated due to a reduction in force.

3  21.   However, Plaintiff was discharged under circumstances giving rise to an inference of discrimination, as MSTS treated Plaintiff differently than similarly situated employees who were not of Hispanic national origin.

6  22.   Specifically, MSTS treated non-Hispanics, including Caucasian and African-American carpenters not of Hispanic origin, more favorably than Plaintiff.

8  23.   MSTS treated non-Hispanic carpenter David Mitchell, who has been caught numerous times literally sleeping on the job, and who has a history of crashing a company vehicle causing destruction of company property, more favorably than Plaintiff and the other three carpenters of Hispanic national origin who were terminated in August 2020.

12  24.   Upon information and belief, David Mitchell was not terminated by MSTS in August 2020, and still works at MSTS to this day.

14  25.   On or around August 10, 2020, a mere four days after MSTS terminated Plaintiff, David Mitchell texted Plaintiff, boasting about how he was being transferred to the site that Plaintiff had worked at for a more permanent position.

17  26.   MSTS also treated non-Hispanic carpenter Joshua Presser, who did not perform his job as satisfactorily as Plaintiff did, more favorably than Plaintiff and the other three carpenters of Hispanic national origin who were terminated in August 2020.

20  27.   Upon information and belief, Joshua Presser was not terminated by MSTS in August 2020, and still works at MSTS to this day.

22  28.   MSTS treated other non-Hispanic carpenters more favorably than Plaintiff in opting to terminate only carpenters with Hispanic national origin on August 6, 2020.

24  29.   Other workers, including foremen and supervisors at MSTS, have acknowledged the discriminatory nature of the terminations that took place on August 6, 2020. For example, MSTS foreman Brad Pavalack admitted in a text message to Plaintiff that "[E]veryone thought the layoff was bullshit" and that illegal favoritism was involved.

28  / / /

30. MSTS's wrongful, discriminatorily-based termination of Plaintiff's employment severely impacted Plaintiff's emotional state, as he suffered, and continues to suffer, from anxiety, insomnia, and panic attacks because of MSTS's discrimination, and now fears being terminated from jobs in the future based not on his skillset but on his national origin.

31. Plaintiff was damaged as a result of MSTS's discriminatory actions, as he was left without a job and had to scramble – in the middle of a pandemic – to try to obtain new employment to provide for his family.

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act – 42 U.S.C. § 2000e *et seq.* as amended– Disparate Treatment (National Origin Discrimination) Against MSTS**

32. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

33. Plaintiff is a member of a protected class as a Hispanic man.

34. During his employment with MSTS, Plaintiff performed his job duties according to MSTS's legitimate expectations, as shown by the positive feedback he received and the lack of any discipline.

35. During Plaintiff's employment at MSTS, MSTS subjected Plaintiff to adverse, national origin-based, disparate treatment, which resulted in the termination of Plaintiff's employment at MSTS.

36. On or around August 6, 2020, Plaintiff suffered an adverse employment action, when his employment, along with the employment of three other Hispanic male carpenters (Benito Gutierrez, Jesus Villela, and Jose Munoz), was terminated.

37. The only carpenters terminated by MSTS on August 6, 2020 were the four carpenters (including Plaintiff) of Hispanic national origin.

38. The non-Hispanic carpenters with qualifications similar to Plaintiff's were all treated more favorably, as they were allowed to continue working at MSTS, and one non-Hispanic worker (David Mitchell) actually took over the same position that Plaintiff was in on a more permanent basis, despite Plaintiff being qualified for that position. Plaintiff discovered this through a text message that

David Mitchell sent boasting about his new position.

39. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for MSTS's malicious and intentional violations of federal and state anti-discrimination laws. Plaintiff is entitled to recover punitive damages in an amount sufficient to punish MSTS for its illegal conduct and to deter other employers from engaging in such conduct in an amount to be determined by the jury deemed sufficient to do so.

40. As a result of MSTS's actions, Plaintiff has suffered lost wages, mental anguish, inconvenience, and loss of enjoyment of life.

41. Under applicable federal law, Plaintiff is entitled to recover all of her attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

**Violation of NRS 613.330 – Unlawful Deprivation of Employment (National Origin Discrimination) Against MSTS**

42. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

43. MSTS discriminated against Plaintiff by subjecting him to adverse treatment based on his national origin, including terminating Plaintiff's employment (and the employment of three other Hispanic male carpenters), while keeping the non-Hispanic carpenters employed, and attempting to justify it as merely a "reduction in force," which conveniently only affected the Hispanic carpenters. Such actions resulted in humiliation and Plaintiff's unlawful termination.

44. Other similarly situated MSTS carpenters not of Hispanic national origin, some of whom were not even as qualified as Plaintiff, were not exposed to the same discriminatory conduct.

45. As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, inconvenience, and loss of enjoyment of life.

46. As a result of Defendant's actions, it has been necessary for Plaintiff to retain the services of attorneys and he is entitled to reasonable costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

47. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff

invokes his right to trial by jury in this civil action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a judgment in favor of Plaintiff against Defendants, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendants' conduct;

3. For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation and other losses incurred by Plaintiff as a result of Defendants' conduct;

4. For an award of prejudgment and post-judgment interest;

5. For an award of punitive damages;

6. For an award of Plaintiff's costs of suit incurred herein;

7. For an award of attorney's fees and related expenses pursuant to § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k) and other corresponding federal law; and

8. For an award of such other relief the Court may deem just and proper.

DATED this 7th day of July 2021.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

 /s/ Danielle J. Barraza
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Salvador Mora*

**Exhibit List**

| Exhibit No. | Description | Page Count |
|---|---|---|
| 1 | "Notice of Suit Rights" letter | 3 |